ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BERENICE VÉLEZ GONZÁLEZ<br><br>APELANTE<br><br>v.<br><br>BLUE PR, LLC; SHOPPER'S PARADISE, INC. H/N/C BLUE DIAMOND; OM SAI, LLC T/C/C PANDORA<br><br>APELADA | KLAN202401099 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: C A2022CV03757<br><br>Sala: 403<br><br>Sobre: Procedimiento Sumario Laboral Represalias, Discrimen por Impedimento |
|---|---|---|
| BERENICE VÉLEZ GONZÁLEZ<br><br>APELADA<br><br>v.<br><br>BLUE PR, LLC. SHOPPER'S PARADISE, INC. H/N/C BLUE DIAMOND; OM SAI, LLC T/C/C PANDORA<br><br>APELANTE | Consolidado con:<br><br>KLAN202401104 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: C A2022CV03757<br><br>Sala: 403<br><br>Sobre: Procedimiento Sumario Laboral Represalias, Discrimen por Impedimento |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Díaz Rivera y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de diciembre de 2025.

Compareció la Sra. Berenice Vélez González (en adelante, "señora Vélez González") mediante el recurso de apelación **KLAN202401099** presentado el 9 de diciembre de 2024. En igual fecha, Blue PR, LLC (en adelante, "Blue") instó otro recurso de

---

[1] Mediante la Orden Administrativa OATA-2025-002 emitida el 9 de enero de 2025 se designó al Juez Isaías Sánchez Báez en sustitución de la Jueza Camille Rivera Pérez.

apelación **KLAN202401104**. En síntesis, ambos recursos solicitan la revocación de la *Sentencia* emitida el 25 de noviembre de 2024, notificada el 27 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "foro de Instancia"). En el aludido dictamen, el foro de Instancia determinó que procedía la reinstalación de empleo de la señora Vélez González, así como sus salarios dejados de devengar y una cuantía por daños, toda vez que Blue violó la Ley Núm. 44, *infra*, y la Ley Núm. 115, *infra.*

En vista de que ambos recursos recurren de una misma sentencia, ordenamos previamente su consolidación. Por los fundamentos que expondremos a continuación, se **revoca** la *Sentencia* apelada y se **desestima** la *Querella* incoada en el caso de epígrafe.

-I-

El 18 de noviembre de 2022, la señora Vélez González instó una *Querella*[2] bajo el procedimiento sumario laboral dispuesto en la Ley Núm. 2-1961[3] contra Blue. Allí sostuvo que trabajó en Blue como vendedora de joyería y fue despedida por represalias. Por un lado, arguyó que tenía una condición en su rodilla izquierda que requería —mediante certificación médica— un acomodo razonable consistente en reposar luego de una hora de trabajo de pie. No obstante, indicó que Blue le denegó el acomodo razonable en violación a la Ley Núm. 44-1985[4]. De otra parte, argumentó que ante la negativa de la Sra. Johanna Martínez —gerente de Blue— para ausentarse por razón de enfermedad de su hijo, se querelló con el Sr. Ricardo La Santa y fue despedida al día siguiente. Por lo cual,

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1.
[3] Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et. seq.*
[4] Ley Núm. 44 de 2 de julio de 1985, según enmendada, conocida como *Ley para prohibir el discrimen contra las personas con impedimentos físicos, mentales o sensoriales*, 1 LPRA sec. 501 *et. seq.* (en adelante, "Ley Núm. 44-1985).

alegó que sus quejas eran una actividad protegida al amparo de la Ley Núm. 115-1991[5].

El 28 de marzo de 2023, la señora Vélez González presentó la *Primera Querella Enmendada* para incluir como querellados a Shopper's Paradise, Inc. h/n/c Blue Diamond y Om Sai, LLC h/n/c Pandora, por entender que dichas entidades en unión a Blue constituyen un solo patrono o patrono conjunto y responden solidariamente.[6]

Posteriormente, todas las entidades querelladas presentaron sus respectivas contestaciones a la querella. En síntesis, estas negaron los hechos y alegaron que operan de manera independiente, ya que tenían distintos accionistas, mercados y productos.[7]

El 27 de febrero de 2024 durante la Conferencia con Antelación al Juicio, las partes estipularon algunos hechos y prueba documental.[8] Entre los hechos estipulados, las partes establecieron que la señora Vélez González tenía un contrato de empleo probatorio con Blue y que su despido fue dentro de ese periodo probatorio.[9]

Así las cosas, el foro de Instancia celebró el juicio en su fondo del día 23 al 27 de septiembre de 2024.[10] Las partes presentaron prueba documental, testifical y pericial.[11] Tras aquilatar la prueba presentada durante el juicio, el foro de Instancia emitió *Sentencia* el 25 de noviembre de 2024, notificada el 27 de noviembre de 2024.[12] En esencia, el foro de Instancia declaró con lugar la *Querella* en conformidad con las disposiciones de la Ley Núm. 44-1985 y la Ley Núm. 115-1991; y ordenó la reinstalación de empleo de la señora

---

[5] Ley Núm. 115-1991, según enmendada, conocida como *Ley contra el despedido injusto o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, 29 LPRA sec. 194 *et. seq.* (en adelante, "Ley Núm. 115-1991").
[6] SUMAC-TPI, entrada núm. 32.
[7] SUMAC-TPI, entrada núm. 39, 45 y 51.
[8] SUMAC-TPI, entrada núm. 87.
[9] *Id.*
[10] SUMAC-TPI, entrada núm. 118, 119, 120, 121 y 122.
[11] *Id.*
[12] SUMAC-TPI, entrada núm. 124.

Vélez González, así como sus salarios dejados de devengar y una cuantía por daños.

En cuanto a la reclamación bajo la Ley Núm. 44-1985, el foro de Instancia concedió entera credibilidad a la señora Vélez González sobre su condición de la rodilla izquierda y, además, determinó que el certificado médico que esta presentó ante Blue constituía una petición de acomodo razonable suficiente. Esto es, el foro de Instancia sostuvo que la señora Vélez González no tenía que presentar una solicitud formal de acomodo razonable. Puntualizó que de la prueba apreciada por el Tribunal no demostró que Blue hubiese emitido alguna respuesta sobre la referida petición de acomodo razonable.

En cuanto a la reclamación bajo la Ley Núm. 115-1991, el foro de Instancia hizo el siguiente recuento:

> [...] el 6 de octubre del 2022, la querellante tuvo una conversación con la señora Johanna Martínez. En la misma le informó a Martínez que el 7 de octubre, no podía asistir al trabajo, debido a que necesitaba llevar su hijo su hijo menor al pediatra porque este se encontraba enfermo. Luego de dicha conversación y en el día antes mencionado, la querellante se comunicó vía telefónica con el Sr. Ricardo La Santa, para quejarse de la señora Johanna Martínez. La queja consistió relatar la conversación ocurrida con la señora Martínez relacionado a la solicitud de ausencia para llevar a su hijo al pediatra; la forma en que se comunicó Martínez en dicha conversación; la duda de la señora Johanna Martínez sobre la condición de su hijo y que, si estaba enfermo y por qué no lo llevó a Sala de Emergencia, y un suceso que ocurrió cuando su hijo estaba hospitalizado en San Juan Capestrano. Durante su testimonio, la querellante no abundó sobre dicha hospitalización.
> La respuesta del señor La Santa a la querellante fue que esa no es la Johanna que él conoce y preguntarle, quién le dio su teléfono personal.
> Luego de la llamada antes mencionada, el señor Santa se comunica con la señora Johanna Martínez, Grace Hernandez y con Vijay Khemlani, quien es el presidente, agente residente y socio mayoritario de Blue PR LLC., y dueño de Shopper's Paradise Inc., y Om Sai, LLC., para contarle el insumo de la conversación que tuvo con la querellante respecto a la queja contra la socia Johanna Martínez.
> Durante el testimonio en corte, el señor La Santa declaró que no llamó a la compañía Eminent, quienes eran los consultores en el área de recursos humanos y no recordó en qué consistieron las quejas de la querellante que trasmitió a Johanna Martínez, Grace Hernandez y Vijay Khemlani.
> El 7 de octubre, la querellante no fue trabajar, como cuestión de hechos, porque llevó a su hijo al pediatra, a quien le diagnosticaron influenza. Sin embargo, a los dos días de

informarse la queja de la querellante, el 8 de octubre, esta fue despedida por la señora Martínez.

Considerando lo anterior, el foro de Instancia determinó que la queja que comunicó la señora Vélez González al señor La Santa constituía una actividad protegida por la Ley Núm. 115-1991. Además, concluyó que la señora Vélez González estableció un caso *prima facie* de represalias por haber sido despedida tras presentar una queja y solicitar un acomodo razonable, lo que activó la presunción *juris tantum* de violación a la Ley Núm. 115-1991. Además, el foro de Instancia entendió que Blue no logró rebatir la referida presunción.

Por último, el foro de Instancia concluyó que la señora Vélez González no demostró que existieran operaciones interrelacionadas, administración común o control centralizado entre Blue, Shopper's Paradise, Inc. h/n/c Blue Diamond y Om Sai, LLC h/n/c Pandora. Por lo cual, denegó considerar a todas las referidas entidades como un solo patrono o patrono conjunto.

Inconforme, el 9 de diciembre de 2024, la señora Vélez González acudió ante nos mediante el recurso de apelación con alfanumérico **KLAN202401099** y señaló la comisión de los errores siguientes:

A. Erró el TPI al no incluir las comisiones de la querellante como parte del cómputo de los salarios dejados de devengar.

B. Erró el TPI al no considerar el aumento del salario mínimo en ley a $10.50 por hora a partir de su vigencia al calcular el concepto de salario dejados de devengar.

C. Erró el TPI al no considerar el bono anual de ley al calcular los salarios dejados de devengar.

D. Procede como cuestión de derecho la modificación del dictamen de honorarios de abogados.

E. Erró el TPI al no declarar que Blue PR, LLC; Shopper's Paradise, Inc. h/n/c Blue Diamond y Om Sai LLC h/n/c Pandora como un solo patrono o un patrono conjunto.

En igual fecha, Blue interpuso un recurso de apelación con alfanumérico **KLAN202401104** y señaló la comisión de los errores siguientes:

> PRIMER ERROR: ERRÓ EL TPI AL HACER LAS DETERMINACIONES DE HECHOS. LAS MISMAS SON INSUFICIENTES PUES FALTAN HECHOS ESENCIALES PARA LA RESOLUCIÓN DEL CASO.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE LA QUERELLANTE TENÍA DERECHO A UN ACOMODO RAZONABLE.
>
> TERCER ERROR: ERRÓ EL TPI AL DETERMINAR QUE LA QUERELLANTE FUE DESPEDIDA POR REPRESALIAS.
>
> CUARTO ERROR: ERRÓ EL TPI AL DETERMINAR QUE LA QUERELLANTE TENÍA DERECHO A SER REINSTALADA A SU EMPLEO EN BLUE Y AL PAGO DE SALARIOS DEJADOS DE PERCIBIR.
>
> QUINTO ERROR: ERRÓ EL TPI AL CUANTIFICAR LOS DAÑOS SUFRIDOS POR LA QUERELLANTE ESTOS SON EXCESIVOS.

El 13 de diciembre de 2024, emitimos *Resolución* en la cual ordenamos la consolidación de ambos recursos por recurrir de una misma sentencia con identidad de partes y controversia.

Tras presentarse la *Transcripción de Prueba Oral* (en adelante, "TPO"), las partes presentaron sus alegatos suplementarios y sus respectivas oposiciones a los recursos.

Así pues, perfeccionados todos los recursos consolidados, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Ley Núm. 44-1985**

La Ley Núm. 44 de 2 de julio de 1985, según enmendada, conocida como *Ley para prohibir el discrimen contra las personas con impedimentos físicos, mentales o sensoriales*, 1 LPRA sec. 501 *et. seq.* (en adelante, "Ley Núm. 44-1985), tiene la finalidad de fomentar el empleo de personas con impedimentos físicos o mentales y para garantizar su participación e integración a la sociedad.

En aras de garantizar la igualdad, la legislación prohíbe el discrimen contra las personas con impedimentos físicos, mentales o sensoriales por parte de las instituciones públicas y privadas, independientemente si reciben o no recursos económicos del Estado. 1 LPRA sec. 502. Incluso, la ley detalla que tal prohibición incluye "el reclutamiento, compensación, beneficios marginales, facilidades de acomodo razonable y accesibilidad, antigüedad, participación en programas de adiestramiento, promoción y cualquier otro término, condición o privilegio en el empleo". 1 LPRA sec. 505. Además, establece que el patrono "no podrá exigir en los formularios de solicitud de empleo o servicios que el solicitante indique si tiene o ha tenido previamente algún impedimento físico, mental o sensorial". *Id.* Para efectos de la Ley Núm. 44-1985, se interpretará que el "patrono" es:

    (1)  El Estado Libre Asociado de Puerto Rico, sus agencias e instrumentalidades y sus subsidiarias, los municipios y sus agencias e instrumentalidades.

    (2)  Toda institución privada y pública, reciba o no alguna aportación económica del Gobierno del Estado Libre Asociado de Puerto Rico, que emplee **quince (15)** empleados o más, excepto que hasta el 26 de julio de 1994 se considerará patrono a todo aquel que emplee veinticinco (25) personas o más.

1 LPRA sec. 501(h) (énfasis suplido).

Asimismo, el Artículo 9 de la Ley Núm. 44-1985 establece que tanto el Gobierno, sus agencias e instrumentalidades, así como las corporaciones públicas, cuasi-públicas, municipales y privadas, están obligadas a conceder acomodos razonables en el lugar de trabajo para asegurar que las personas con impedimentos puedan trabajar efectivamente al máximo de su productividad. 1 LPRA sec. 507a. Lo anterior no será necesario cuando el patrono demuestre que el acomodo razonable representa un esfuerzo extremadamente oneroso en términos económicos para la empresa. *Id.*

**B. Ley Núm. 115-1991**

La Ley Núm. 115-1991, según enmendada, conocida como *Ley contra el despedido injusto o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, 29 LPRA sec. 194 *et. seq.* (en adelante, "Ley Núm. 115-1991"), tiene el propósito de extender la protección de los trabajadores para que puedan colaborar y comparecer ante distintos foros. En consonancia con ello, esta pieza legislativa prohíbe los actos constitutivos de represalias como sigue:

> Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, verbalmente o por escrito, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

29 LPRA sec. 194b(a).[13]

Considerando lo anterior, esta pieza legislativa establece que será una *actividad protegida* el hecho de ofrecer o intentar ofrecer, de forma verbal o por escrito, cualquier testimonio, expresión o información ante: (i) un foro legislativo, administrativo o judicial en Puerto Rico; (ii) en procedimientos internos establecidos por el patrono; o (iii) ante cualquier empleado o representante en una posición de autoridad. *Id.*; véase, además, *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 366-367 (2009).

Al amparo de esta protección, la Ley Núm. 115-1991 faculta al empleado —que realiza una actividad protegida, y luego es despedido, amenazado o discriminado— a presentar una causa de acción contra su patrono. 29 LPRA sec. 194b(b); *SLG Rivera*

---

[13] Véase que la Asamblea Legislativa de Puerto Rico enmendó el precitado artículo mediante la Ley Núm. 169-2014 con la finalidad de disponer que los procedimientos internos de las empresas constituyen foros donde aplicará la protección de los trabajadores contra las represalias por ofrecer testimonio, expresión o información.

*Carrasquillo v. AAA,* supra, pág. 361. A esos efectos, se contempla que el término *patrono* "[s]ignifica todos los patronos por igual, sean estos patronos públicos o privados, corporaciones públicas, [...] o cualquiera otra denominación de patronos que exista en el presente o se cree en el futuro, toda persona natural o jurídica de cualquier índole, [...] y sus agentes y supervisores." 29 LPRA sec. 194(b).

De acuerdo con esta legislación, el empleado tiene dos vías probatorias para sostener su causa de acción. 29 LPRA sec. 194b(c). Por un lado, el empleado puede probar la violación mediante la presentación de evidencia directa o circunstancial. *Id.* De otra parte, el empleado puede establecer un caso *prima facie* de represalias para prevalecer bajo la Ley Núm. 115-1991 de la siguiente manera: (i) probar que participó de una actividad protegida y (ii) que subsiguientemente fue despedido, amenazado o discriminado en su empleo. *Id.* Esto es, debe demostrar que "existe un nexo causal entre la conducta protegida y la acción disciplinaria o adversa del patrono". *Feliciano Martes v. Sheraton,* 182 DPR 368, 396 (2011).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de epígrafe, nos encontramos ante diez (10) señalamientos de error presentados por las partes entre ambos recursos. Comenzaremos discutiendo el segundo error del **KLAN202401104** junto al quinto error del **KLAN202401099** por estar relacionados.

En esencia, Blue alega que el foro de Instancia erró al determinar que la señora Vélez González tenía derecho a un acomodo razonable. De otro lado, la señora Vélez González —aun cuando sostiene que procedía su acomodo razonable— señala que el foro de Instancia erró al no considerar que Blue, Shopper's

Paradise, Inc. h/n/c Blue Diamond y Om Sai LLC h/n/c Pandora no son un solo patrono o un patrono conjunto.

En el acápite II de esta Sentencia, explicamos que la Ley Núm. 44-1985 prohíbe el discrimen contra las personas con impedimentos físicos, mentales o sensoriales en el empleo. 1 LPRA sec. 502. Incluso, la referida legislación obliga al patrono a conceder acomodos razonables en el lugar de trabajo. 1 LPRA sec. 507a. No obstante, la Ley Núm. 44-1985 define al "patrono" como aquella institución privada o pública que emplee quince (15) o más empleados. 1 LPRA sec. 501(h). Esto es, las disposiciones de la Ley Núm. 44-1985 son aplicables en aquellas corporaciones públicas o privadas que tengan quince (15) o más empleados.

Tras examinar el caso ante nuestra consideración, determinamos que Blue es una compañía privada que se dedica a la venta al por menor de joyas, relojes y accesorios. Véase, SUMAC-TPI, entrada núm. 1, pag. 1; SUMAC-TPI, entrada núm. 39, pág. 1; SUMAC-TPI, entrada núm. 85, pág. 2; SUMAC-TPI, entrada núm. 124, pág. 6. Además, surge del expediente que Blue tiene aproximadamente entre 8 a 11 empleados. Véase, TPO, tomo 3, pág. 65, líneas 14-16; TPO, tomo 4, pág. 112, líneas 9-12. Es decir, estamos ante una institución privada con menos de quince (15) empleados. Por tanto, Blue no cumple con la definición de "patrono" conforme a la Ley Núm. 44-1985.

Así pues, es forzoso concluir que a Blue no le aplican las disposiciones de la Ley 44-1985. En consecuencia, concluimos que el foro de Instancia erró al determinar que la señora Vélez González tenía derecho a un acomodo razonable al amparo de la Ley Núm. 44-1985.

En cuanto a la alegación de un solo patrono o patrono conjunto, se desprende del expediente que Blue tiene tres accionistas y, tanto Shopper's Paradise, Inc. como Om Sai LLC,

tienen un solo accionista. Nótese que, el señor La Santa —como contable de Blue— explicó como sigue:

> P: [...] Le pregunto, ¿Qué diferencia, si alguna, tienen las por cientos de titularidad o los dueños de Shopper's u Om Sai?
>
> R: el señor Vijay Khemlani es el dueño del cien por ciento, tanto de Om Sai LLC como de Shopper's Paradise, Inc.
>
> P: ¿Cómo se diferencia eso, si algo, de Blue PR LLC?
>
> R: Bueno, que en Blue PR LLC, entonces el no tiene la... no tiene el...no es dueño absoluto de la compañía, ya que solamente le corresponde un sesenta.
>
> P: ¿Y quién tiene el resto del cuarenta por ciento?
>
> R: Dividido en veinte por ciento entre la señora Johana Martínez y la señorita Grace Hernández.

Véase, TPO, tomo 2, pag. 254.

Asimismo, el señor La Santa testificó que todas las compañías mencionadas tienen sus libros de contabilidad, así como sus cuentas bancarias, por separado. Véase, TPO, tomo 2, pág. 232.

Además de considerar lo anterior, debemos recordar que las corporaciones tienen personalidad jurídica propias, distintas e independientes a las de sus accionistas, directores y oficiales. *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015); *Multinational Ins. v. Benítez y otros*, 193 DPR 67, 76 (2015).

Nótese que, del expediente ante nuestra consideración, no surge prueba alguna que demuestre que Blue mantiene operaciones interrelacionadas, administración común o control centralizado de las relaciones laborales con otras compañías. Por lo cual, coincidimos con el razonamiento del foro de Instancia al denegar considerar a todas las referidas entidades como un solo patrono o patrono conjunto.

A continuación, procedemos atender el tercer señalamiento de error del recurso **KLAN202401104**. Por un lado, Blue alega que el foro de Instancia erró al determinar que la señora Vélez González fue despedida por represalias. A su vez, la señora Vélez González alega que fue despedida en represalias por haber solicitado: (i)

acomodo razonable con certificación médica —consistente en reposar luego de una hora de trabajo de pie— por razón de una condición en su rodilla izquierda y (ii) autorización para ausentarse por razón de enfermedad de su hijo.

Según explicamos en el derecho aplicable, la Ley Núm. 115-1991 prohíbe que los patronos tomen represalias contra sus empleados por estos colaborar y/o comparecer ante distintos foros. A esos efectos, la *actividad protegida* por la precitada legislación es aquella que consiste en ofrecer o intentar ofrecer, de forma verbal o por escrito, cualquier testimonio, expresión o información ante: (i) un foro legislativo, administrativo o judicial en Puerto Rico; (ii) en procedimientos internos establecidos por el patrono; o (iii) ante cualquier empleado o representante en una posición de autoridad. Al amparo de esta protección, se considera que patrono es toda persona natural o jurídica, pública o privada, así como sus agentes y supervisores.

Conforme se desglosa en el expediente de autos, la señora Vélez González —tras informarle a Johanna Martínez, gerente de Blue, que se ausentaría a su turno de trabajo del día 7 de octubre de 2022 por razón de la enfermedad de su hijo— se comunicó con el señor La Santa con la intención de presentar una queja contra esta. Véase, TPO, tomo 1, págs. 82-83 y 107-109; TPO, tomo 2, págs. 237-239; TPO, tomo 3, págs. 237-241; TPO, tomo 4, págs. 161-164. En esencia, la queja de la señora Vélez González consistió en:

> [...] relatar la conversación ocurrida con la señora Martínez relacionado a la solicitud de ausencia para llevar a su hijo al pediatra; la forma en que se comunicó Martínez en dicha conversación; la duda de la señora Johanna Martínez sobre la condición de su hijo y que, si estaba enfermo y por qué no lo llevó a Sala de Emergencia, y un suceso que ocurrió cuando su hijo estaba hospitalizado en San Juan Capestrano.

Véase, SUMAC-TPI, entrada núm. 124, pág. 31. Además, véase, TPO, tomo 1, págs. 108-109.

Según las alegaciones de la señora Vélez González, así como el razonamiento del foro de Instancia, la precitada queja ante el señor La Santa constituye la *actividad protegida* por la Ley Núm. 115-1991. Específicamente, el Foro de Instancia razonó como sigue:

> [...] el Tribunal determina que la queja antes mencionada, la [cual] fue trasmitida por la querellante al señor La Santa y este a su vez le comunicara a la señora Martínez (aunque en Corte, La Santa manifestó no recordar lo que trasmitió y la forma en que trasmitió la queja), constituye una actividad protegida por la ley 115. La querellante se estaba quejando del trato recibido por la señora Martínez, a raíz de que tenía que ausentarse un día, para atender una situación medica de su hijo menor.
>
> [...] Así, concluimos que, para los únicos fines del establecimiento de un caso prima facie por represalias, un despido efectuado apenas 2 días que la querellante informar[a] del trato recibido por la señora Martínez, constituye suficiente proximidad temporal para inferir que existe un nexo causal entre ambos eventos.

Véase, SUMAC-TPI, entrada núm. 124, págs. 31-32.

Ante este razonamiento, resulta relevante que recordemos que el propósito de la Ley Núm. 169-2014 fue enmendar a la Ley Núm. 115-1991 para extender la protección estatutaria a los foros internos de las empresas privadas o ante algún representante de posición de autoridad de la empresa. Esto es, la referida legislación protege al empleado que ofrece testimonio, expresión o información —verbal o por escrito— en algún procedimiento interno establecido por el patrono o ante alguien con posición de autoridad en la empresa. Nótese que, en estos escenarios, es de suma importancia que el empleado que ejecute la acción protegida por ley contra algún representante con posición de autoridad de la empresa.

No obstante, consta en el expediente que, el señor La Santa es contable de profesión y es copropietario junto a su esposa de la compañía "La Santa LLC", la cual se dedica a proveer servicios de contabilidad. Véase, TPO, tomo 2, págs. 223 y 229. Asimismo, surge del expediente que, la compañía "La Santa LLC" le presta sus servicios a Blue que consisten en pagar la nómina, supervisar la contabilidad interna y pagar los suplidores. *Id.,* págs. 229-230.

Siendo así, podemos determinar que el señor La Santa no tenía una posición de autoridad en Blue, más allá de manejar su contabilidad. No hay evidencia en el expediente ni existe determinaciones de hecho que nos lleva a concluir lo contrario. Por tanto, aun en el caso que entendiésemos correcta la conclusión de que la queja de la señora Vélez González es una *actividad protegida* conforme a la Ley Núm. 115-1991, esta no se efectuó ante ningún procedimiento interno de Blue ni ante un empleado con posición de autoridad para atender esos asuntos. Esto es, la *actividad protegida* no se ejecutó dentro de los foros a los cuales se extiende las disposiciones de la Ley Núm. 115-1991.[14]

Así pues, es forzoso concluir que, al palio de la Ley Núm. 115-1991, el despido de la señora Vélez González no fue producto de represalias. Por lo cual, colegimos que erró el foro de Instancia al determinar que aplicaban las disposiciones de la Ley Núm. 115-1991.

Por último, considerando nuestras determinaciones anteriores, resulta inmeritorio atender los restantes señalamientos de error.

**-IV-**

Por los fundamentos previamente expuestos, se **revoca** la *Sentencia* apelada y se **desestima** la *Querella* incoada en el caso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] Conviene precisar que no concluimos que las acciones llevadas a cabo por la señora Vélez González constituyan una *actividad protegida*, sino que lo consideramos únicamente a modo ilustrativo.